CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

MAKE THE ROAD NEW YORK, INC.
92-10 Roosevelt Avenue
Jackson Heights, New York 11372
T. (718) 656-8500
F. (718) 565-0646
elizabeth.joynesjordan@maketheroadny.org
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSE AGUILAR, and JOSE PINTO, on behalf of themselves, and other similarly situated employees, | Case No.:      16 Civ. 2369 |
| Plaintiffs, | **FLSA COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| ALIAGED DINING, INC., A & A FOOD ENTERPRISES, LLC, doing business as AGED RESTAURANT & BAR, and PUNEET P. SINGH, also known as "PAUL" SINGH, AKBARALI B. HIMANI, also known as "MIKE" HIMANI, and BRUNO MUSTHAFA BABACI, individually, | ECF Case |
| Defendants. | |

---

Plaintiffs, Jose Aguilar and Jose Pinto, (collectively, "Plaintiffs"), on behalf of

themselves and other similarly situated employees, by and through their undersigned attorneys,

Cilenti & Cooper, PLLC and Make The Road New York, Inc., file this Complaint against

Defendants, Aliaged Dining, Inc., A & A Food Enterprises, LLC, or any other business entity

doing business as Aged Restaurant & Bar, located at 107-02 70th Road, Forrest Hills, New York

11375 (herein, "Aged"); and Puneet P. Singh, also known as "Paul" Singh ("Singh"), Akbarali

B. Himani, also known as "Mike" Himani ("Himani"), and Bruno Musthafa Babaci ("Babaci"), individually, (all defendants herein collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

*THE PLAINTIFFS*

5.      Plaintiffs are both adult residents of Queens County, New York.

### THE DEFENDANTS

6.       At relevant times, Defendant, Aliaged Dining, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Aged Restaurant and Bar at 107-02 70th Road, Forrest Hills, New York 11375.

7.       At relevant times, Defendant, A & A Food Enterprises, LLC, was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Aged Restaurant and Bar at 107-02 70th Road, Forrest Hills, New York 11375.

8.       The corporate defendants Aliaged Dining, Inc. and A & A Food Enterprises, LLC, (hereinafter, collectively the "corporate defendants"), are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

9.       The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be, controlled by one person or group of persons, corporations, or other organizational units acting together.

10.       Upon information and belief, the corporate defendants and individual defendants located at and operating at 107-02 70th Road in Forrest Hills, New York, shared control of Plaintiffs.

11.       To the extent the corporate defendants are separate businesses, both engaged and engage in related activities, namely, operating a restaurant and bar called "Aged". The corporate defendants shared Plaintiffs and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over the employees, and are themselves under common control and management.

3

12.     The corporate defendants share a common commercial business purpose, namely, preparing and selling food and drink to the general public.

13.     Upon information and belief, an arrangement existed between the corporate defendants whereby each entity agreed to share the services of Plaintiffs and other similarly situated employees.

14.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned overtime compensation, in contravention of the FLSA and New York Labor Law.

15.     Upon information and belief, the corporate defendant Aliaged Dining, Inc., is a successor company to A & A Food Enterprises, LLC, owned and operated through the same individual, group of individuals, and/or corporate management.

16.     The corporate defendants shared control of Plaintiffs and the performance of Plaintiffs' job responsibilities.

17.     Upon information and belief, defendant Aliaged Dining, Inc., which was incorporated in or about April 2014, is a successor company to A & A Food Enterprises, LLC, or other corporate entities, doing business as Aged Restaurant & Bar.

18.     Upon information and belief, as successor, Defendant Aliaged Aged Dining. Inc., acquired and has continued, without interruption or substantial change, the business operations of the predecessor, and is liable for the debts and liabilities of its predecessor.

19.     Defendant Singh is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendants, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendants and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations

4

promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

20.     Defendant Himani, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendants, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendants and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

21.     Defendant Babaci, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendants, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendants and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

22.     The individual defendants each exercised control over the terms and conditions of Plaintiffs' employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

23.     Defendant Singh exercised sufficient control over Aged's day-to-day operations as to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

24.     Defendant Himani exercised sufficient control over Aged's day-to-day operations as to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

25.     Defendant Babaci exercised sufficient control over Aged's day-to-day operations as to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

26.     Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendants, both separately and jointly were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

27.     At all relevant times, Aged was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

28.     At relevant times, Defendant Aged has an annual gross volume of sales in excess of $500,000.

29.     Defendants employed Plaintiffs in Queens County, New York, to work as non-exempt cooks, food preparation helpers, dishwashers, cleaners, and general helpers for Defendants' restaurants.

30.     The work performed by Plaintiffs was directly essential to the businesses operated by Defendants.

31.     At relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

6

32.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

33.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

### a.  Plaintiff Jose Aguilar

34.     Plaintiff Jose Aguilar was employed by Defendants in Queens County, New York, as a dishwasher, cleaner and kitchen helper/cook at Defendants' restaurant known as "Aged" from in or about May 2012 through May 2016.

35.     During Plaintiff Jose Aguilar's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of approximately ten (10) hours per day, for a total of sixty (60) working hours per week.

36.     Plaintiff Jose Aguilar was not paid overtime compensation. Plaintiff was paid a weekly salary of $400.00, gradually raised to $650.00 per week.

37.     Prior to late 2015, Plaintiff Jose Aguilar was paid entirely in cash. Commencing in late 2015, he received his pay partly by check and partly by cash, and he worked on average, approximately sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay, as required by state and federal law.

38.     Plaintiff Jose Aguilar was paid a salary for his weekly working hours, and was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked

7

39.     Plaintiff Jose Aguilar was not given a wage statement, as well as an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

**b.   Plaintiff Jose Pinto**

40.     Plaintiff, Jose Pinto, was employed by Defendants in Queens County, New York, as a dishwasher, salad preparer and kitchen helper/cook, at Defendants' restaurant known as "Aged" from in or about May 2013 through January 2016.

41.     During Plaintiff Jose Pinto's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of approximately ten (10) to twelve (12) hours per day, for a total of sixty (60) to seventy (70) working hours per week.

42.     Plaintiff Jose Pinto was not paid overtime compensation. Plaintiff was paid a daily salary of $84.00 (weekly $507.00), by cash, and he worked on average, approximately sixty (60) hours or more hours per week. His pay was gradually increased to $650.00 per week.

43.     In 2014 and until August 2015 Plaintiff was paid exclusively in cash; commencing in September 2015, Plaintiff was paid partly in cash and partly by check. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

44.     Jose Pinto was paid a salary for his weekly working hours, and was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

45.     At times relevant to this action Plaintiff Jose Pinto was paid in cash and was not given a wage notice, as well as an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

8

## COLLECTIVE ACTION ALLEGATIONS

46.     Defendants knowingly and willfully operated their business with a policy of not paying lawful wages under the FLSA and the New York Labor Law to Plaintiffs and other similarly situated employees.

47.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the required overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State regulations.

48.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since May 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

49.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who currently are, or have been employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and who did not receive proper overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

50.     Upon information and belief, the Collective Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are

9

presently within the sole control of the Defendant. Upon information and belief, the class consists of all current and former non-managerial employees, and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

51.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that are experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

52.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

53.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

54.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and Collective Action Members are:

> a.  Whether the Defendants employed Collective Action members within the meaning of the FLSA;
>
> b.  Whether Plaintiffs and the Collective Action Members were improperly classified as exempt under the FLSA;

10

    c.   Whether Defendants failed to pay overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    d.   Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

    e.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

### STATEMENT OF CLAIM

### COUNT I
#### [Violation of the Fair Labor Standards Act]

55.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.    At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

58.    Upon information and belief, at all relevant times, Defendants have and have had gross annual revenues in excess of $500,000.

11

59.     Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess forty (40) as provided for in the FLSA.

60.     Defendant willfully and intentionally failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours in violation of 29 U.S.C. § 201 et seq.

61.     At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members for all hours worked, and by failing to compensate Plaintiffs and the Collective Acton Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injury Plaintiffs and the Collective Action Members.

63.     Records concerning the number of hours worked by Plaintiffs and the Collective Action Members and the actual compensation paid to Plaintiffs and the Collective Action Members are in the possession and custody of the Defendants.  Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

64.     Defendant failed to properly disclose or apprise Plaintiffs or the Collective Action Members of their rights under the FLSA.

65.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

66.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

67.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

68.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69.     At all relevant times Plaintiffs, and the Collective Action Members, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

70.     Defendants knowingly and willfully violated Plaintiffs, and the Collective Action Members' rights by failing to pay them wages for all hours worked and overtime compensation at rates of not less than one and one-half times their regular rate, for each hour worked in excess of forty (40) hours in a workweek.

71.     Defendants knowingly and willfully violated Plaintiffs', and the Collective Action Members' rights by failing to pay proper overtime compensation.

13

72.     Plaintiffs, and the Collective Action Members, are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et seq.* and § 198.  Plaintiffs, and the Collective Action Members, also seek liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

73.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

74.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.  Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act.

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

75.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76.     The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

77.     The New York State Wage Theft Prevention Act, New York Labor Law § 195(3), requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

78.     At times relevant to this action Plaintiffs were paid cash, and not provided with an accurate wage statement as required by law, New York Labor Law § 195(3).

79.     As a result of Defendant's violations of New York Labor Law § 195(1), for the period April 9, 2011 through February 26, 2015, Plaintiff may recover damages of fifty dollars for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of two thousand five hundred dollars per Plaintiff, together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

80.     As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of two thousand five hundred dollars per Plaintiff, together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

81.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated collective action members, respectfully requests that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of statutory damages for failure to provide wage notices and wage statements, as well as civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation, and the "spread of hours" premium, pursuant to the New York Labor Law;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(i)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       May 10, 2016

                        Respectfully submitted,

                        CILENTI & COOPER, PLLC
                        **Co-counsel for Plaintiffs**
                        708 Third Avenue – 6th Floor
                        New York, NY 10017
                        Telephone  (212) 209-3933
                        Facsimile  (212) 209-7102
                        pcooper@jcpclaw.com

          By:          _____
                        Peter H. Cooper  (PHC 4714)

16

MAKE THE ROAD NEW YORK, INC.
**Co-counsel for Plaintiffs**
92-10 Roosevelt Avenue
Jackson Heights, New York 11372
Telephone (718) 565-8500
Facsimile (718) 565-0646
elizabeth.joynesjordan@maketheroadny.org

By:    _____
       Elizabeth Joynes Jordan (EJ 5317)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, ___Jose Aguilar___, am an employee currently or

formerly employed by ___Aced Stackhuse & Bar___, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
March 30 ___, 2016

Sworn to before me this 30th
day of March 2016.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20 18

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Jose Pinlo_____, am an employee currently or

formerly employed by _____Aed Slaalehusel_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
March 30 , 2016

_____

Sworn to before me this 30ᵗʰ
day of March 2016.

_____

Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20 18